## Upstill v. Jamesway

*John P. Joyce*, for plaintiffs.

*William R. Tighe*, of *Stein & Winters*, for defendant.

*James O. Courtney, Jr.*, of *Courtney & Courtney*, for additional defendant.

COFFROTH, *P. J.*, April 8, 1976—We have for disposition defendant Jamesway's discovery motion to compel plaintiffs to produce for testing four pieces or swatches of the fabric of the pajamas involved in the case, referred to in paragraphs 3 and 4 of the complaint, one piece from the top and one piece from the bottom of each of the two pairs of pajamas purchased by plaintiffs at the Jamesway store. The size of the pieces of fabric desired is 10″ × 6″ each. Counsel for additional defendant orally joined in the motion and also wants similar pieces of fabric for its own testing. Since the argument, defendant and additional defendant have agreed to accept a single 10″ × 6″ piece of fabric for joint testing by them.

Plaintiffs oppose the motion on two grounds:

(1) Pa.R.C.P. 4009, relating to inspection of documents and tangible objects, authorizes only "inspection" and "copying and photographing" of such materials, whereas the testing process here contemplated will destroy the pieces of fabric tested; and

(2) Plaintiffs have only the two pairs of pajamas and may in the course of the case need more testing thereof and might be prejudiced by giving substantial portions to defendant and additional defendant, especially if other parties are brought into the case in the future and make similar demands.

It is true that Rule 4009 contains no authorization for inspection or testing which destroys the object. But it does not follow that the court is thereby prohibited from allowing such discovery. The scope and extent of inspection is pertinently discussed in 4 Goodrich-Amram, §4009-5, as follows:

"The purpose of the Rule is to permit the 'inspection, including the copying and photographing', of the designated things . . . No serious questions should arise as to the meaning of these words, except for the single instance of the making of chemical or other tests which may result in the destruction of the object.

"Where documents or other papers are in issue, and a question of genuineness is raised, the experts in questioned documents may want to make chemical tests of the paper or ink to substantiate their testimony. These tests will necessarily result in the partial or total mutilation of the original document. The prior practice was not settled, although the courts tended to decide such requests in the light of modern scientific knowledge. In one case, for example, the court permitted substantial destruction of the paper by the tests, photostatic copies of its original condition having first been made.[1]

"The same problem will arise in connection with things other than documents. For example, a trespass action may be based upon the negligent construction of an electric switch. The plaintiff may want the switch produced by the defendant for examination by plaintiff's experts. To make an

1. Citing Kane Estate, 14 D. & C. 263 (1930), and Commonwealth Trust v. Somerset Telephone Company, 26 Dist. 828 (1915), in this court.

adequate test, they may need to dismantle the switch and test its parts in such a way that its original state can never be reconstructed.[2]

"Rule 4009 contains no express provision on this point and the practice under the Rule will follow the prior practice. If the liberalizing tendency of the modern cases is followed, it is to be expected that the courts will be reasonably free in permitting such tests."

It will be remembered that discovery had its origin in equity and was designed to do equity, P.L.E. Discovery 147, §1, and we are expressly told that the Rules of Civil Procedure "shall be liberally construed to secure the just, speedy and inexpensive determination of every action . . .": Rule 126; see also 4 Goodrich-Amram §4005-4.

In the instant case, it is fortunate that the proposed inspection and testing can be accomplished with only a portion of the subject matter, without destroying the whole and thereby giving to any one party the exclusive right of testing. Plaintiffs' equal right of testing is thereby secured. To allow plaintiff to retain all of the cloth for possible additional future testing, and thereby to deny the other parties their own testing, would produce a gross and perhaps prejudicial inequity, too glaring to permit, and we will, therefore, allow the motion, as modified in our order. If any problem of additional parties should later arise, it can be met if and when it arises. It may be stated, however, that it does not necessarily follow from our ruling here that every additional party hereafter joined, presently unforseeable, will be given the same right of testing. The

2. Compare Lewandowski et al. v. General Telephone et al., 31 Somerset 225.

ruling, as well as the garment, must be tailored to fit the cloth.

## ORDER

Now, April 8, 1976, plaintiffs are directed to furnish to counsel for defendant Jamesway and additional defendant a single piece or swatch of material from the top or bottom of the pajamas worn by the minor plaintiff at the time of injury, at least 10″ × 6″ in size, and a single piece or swatch of material from the top or bottom of the other pajamas purchased by plaintiffs from Jamesway, of the same size, for testing purposes.